NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 KA 0945

STATE OF LOUISIANA

VERSUS

DE'ONDRIC CLARKS

*Judgment Rendered:*  JUN 0 4 2021

* * * * * * * *

Appealed from the
16th Judicial District Court
In and for the Parish of St. Mary
State of Louisiana
Case No. 2017-199380

The Honorable Keith R. J. Comeaux, Judge Presiding

* * * * * * * *

Harry L. Daniel, III
Jamie Triggs
Prairieville, Louisiana

Counsel for Defendant/Appellant
De'Ondric Clarks

M. Bofill Duhe
District Attorney
Walter J. Senette, Jr.
Assistant District Attorney
Franklin, Louisiana

Counsel for Appellee
State of Louisiana

* * * * * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**THERIOT, J.**

Defendant, De'ondric Clarks, was charged by bill of indictment with first degree murder, a violation of La. R.S. 14:30. He pled not guilty. Before trial commenced, defendant filed an unsuccessful motion to have the trial court declare La. Const. art. I, §17(A) and La. Code Crim. P. art. 782(A) unconstitutional and to require a unanimous jury verdict. After a trial by jury, defendant was found guilty of the responsive offense of second degree murder by a ten-to-two jury vote. The trial court imposed a sentence of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. Defendant timely appealed. After jurisdiction vested in this court, defendant filed a motion to remand for a new trial.[1] For the following reasons, we vacate defendant's conviction and sentence, and remand for a new trial. In so decreeing, we deny defendant's motion to remand as moot.

## CONSTITUTIONALITY OF NONUNANIMOUS VERDICT

In his appellate brief, defendant argues the nonunanimous verdict to convict him violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution.

Prior to trial, defendant motioned the court to require a unanimous jury verdict in light of the evolving debate regarding nonunanimous jury verdicts and the recent amendment to the Louisiana Constitution to require unanimous jury verdicts. See La. Const. art. I, § 17(A); La. Code Crim. P. art. 782(A). The motion was denied. Following the return of the jury's verdict, a written jury poll was conducted in this matter, and the polling results were sealed. See La. Code Crim. P. art. 812(B)(2). The jury voted ten-to-two to convict defendant of the lesser included offense of second degree murder.

---

[1] The motion filed by defendant also requested that this court suspend lodging of the record and briefing on appeal. However, the record was lodged and defendant timely filed the brief herein.

As now fully recognized and followed by the courts of this state, in the recent decision of **Ramos v. Louisiana**, ___ U.S. ___, ___, 140 S.Ct. 1390, 1397, 206 L.Ed.2d 583 (2020), the United States Supreme Court overruled **Apodaca v. Oregon**, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by nonunanimous verdicts whose cases are still pending on direct appeal. **Ramos**, 140 S.Ct. at 1406. See also **Schriro v. Summerlin**, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004) (observing that "[w]hen a decision of [the United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review"); **State v. Cohen**, 2019-00949 (La. 1/27/21), ___ So.3d ___, 2021 WL 266645.

Accordingly, defendant's assignment of error has merit. Defendant's conviction and sentence are vacated, and this case is remanded to the trial court for further proceedings. Our disposition of defendant's assignment of error renders moot his pending motion to remand for new trial.

**CONVICTION AND SENTENCE VACATED; REMANDED FOR NEW TRIAL; MOTION TO REMAND FOR NEW TRIAL DENIED AS MOOT.**

3